BOLIN, Judge.
Suit to recover balance due under a written lease instituted by lessors against lessee resulted in judgment for plaintiffs rendered by the City Court of Shreveport. From this judgment defendant appeals.
Evidence adduced at the trial was not reported. We are therefore limited in our review to the narrative of facts furnished by the trial judge in support of his judgment, together with certain stipulations and uncontested pleadings or documents filed during the trial. (LSA-Code of Civil Procedure Article 2131.)
*438 Plaintiffs leased to defendant for a period of one year a home located in Forb-ing Annex in Caddo Parish but outside the city limits of Shreveport, Louisiana. The term of the lease commenced on October 1, 1962, and, was to end on October 1, 1963, the agreed monthly rental to be $65. Incorporated in the lease was an option to buy for the sum of $6500.
After occupying the premises for three months, during which time defendant negotiated with plaintiffs to buy the house at a reduced price, defendant moved out in December 1962 and paid no rent after that time. Plaintiffs sued for the balance due under the lease, plus interest and attorney’s fees.
As a defense to the suit defendant alleges the property was not habitable due to lack of proper plumbing installations and sewage disposal system, which condition plaintiffs refused to correct. Defendant also contends the plaintiffs’ failure to obtain a permit for installation of a septic tank in compliance with certain regulations of the State and Parish Sanitary Codes and Ordinances as well as failure to obtain a Certificate of Occupancy required by another Ordinance of the Caddo Parish Police Jury rendered the contract of lease null ab initio.
In our opinion, the trial judge resolved both contentions adversely to defendant by concluding in his narrative of facts that the evidence did not support a finding the. property was not habitable. Counsel for defendant in brief attempts by strenuous argument to show this factual conclusion was not supported by the testimony. He further complains the trial judge erred in failing to find the lease void based on plaintiffs’ stipulation they had never submitted any plans or specifications for any sewage disposal system to any governmental agency, nor had they applied to any governmental agency for any permits or certificates.
Inasmuch as we have no evidence before us on the question of habitability we are unable to say that the trial judge’s decision on this issue is erroneous-The second prong of the defense is merely an integral part of the main issue, i. e., did this admitted technical violation of a parish ordinance, when considered with all the other evidence, render the premises uninhabitable? We have no hesitancy in holding the mere showing that no applications or plans for a sewage system had been submitted, without further proof that the premises were in fact unsanitary and uninhabitable, did not render the contract void ab initio.
For the reasons assigned the judgment of the City Court of Shreveport is affirmed at appellant’s cost.
Affirmed.